***********
The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Ledford and the briefs and arguments of the parties. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, or rehear the parties or their representatives. Having reviewed the competent evidence of record, the Full Commission adopts the Opinion and Award of Deputy Commissioner Ledford with minor modifications.
 ***********
The Full Commission finds as facts and concludes as matters of law the following, which were entered into by the parties before the Deputy Commissioner as:
 STIPULATIONS
1. The parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act as of the date of Plaintiff's accident. *Page 2 
2. The date of the injury which is the subject of this claim is August 21, 2007.
3. On such date the employee-employer relationship existed between the Employee-Plaintiff and the Employer-Defendant.
4. The carrier of workers' compensation insurance in North Carolina for the Employer-Defendant was The PMA Insurance Group.
5. Defendants accepted the compensability of Plaintiff's low back injury on August 21, 2007, pursuant to a Form 60.
6. The Employee-Plaintiff's average weekly wage is $150.39.
7. The parties participated in a mediated settlement conference on December 17, 2008. Defendants have paid the entire mediation fee in the amount of $800.00. Pursuant to Rule 7(c) of the Rules for Mediated Settlement and Neutral Evaluation Conferences of the North Carolina Industrial Commission, Defendants are entitled to a credit in the amount of $400.00 for payment of Plaintiff's share of the mediation costs, and Defendants may withhold funds from any award for this purpose.
 *********** STIPULATED EXHIBITS
1. Pre-trial Agreement (Stipulated Exhibit 1).
2. Industrial Commission Pleadings and Forms (Stipulated Exhibit 2).
3. Medical Records (Stipulated Exhibit 3).
 ***********
As set forth in the Pre-Trial Agreement and in this Opinion and Award, the Commission addresses the following: *Page 3 
 ISSUES
1. Whether Plaintiff is entitled to ongoing disability compensation?
2. What further medical treatment is reasonably necessary?
3. Whether Defendants are responsible for payment of unpaid medical expenses incurred by Plaintiff for unauthorized care related to her compensable injury?
 ***********
Based upon all of the competent credible evidence of record, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff was 23 years of age on the date of the hearing before the Deputy Commissioner. She obtained her GED in 2005 and completed one year of college at Roanoke-Chowan Community College in 2005-2006. Plaintiff married in June 2007, and her last name is now Grant.
2. Plaintiff was working for Defendant-Employer at McDonald's first as a cashier, and later doing "prep" work. On August 21, 2007, she went to get lettuce during the lunch rush, and as she was lifting a box, she felt a pull in her lower back.
3. Defendants accepted Plaintiff's claim as compensable pursuant to a Form 60, and initiated payment of indemnity compensation at a rate of $100.27 per week.
4. Plaintiff initially sought treatment with Roanoke Chowan Hospital on August 22, 2007. She was released from the hospital and told to follow-up with a physician if she had ongoing symptoms.
5. Plaintiff thereafter sought treatment with Larabee Chiropractic, beginning on or about August 29, 2007. According to the records, Plaintiff was treated there at least through *Page 4 
October 8, 2007. Plaintiff's testimony indicates that this treatment was helpful in providing relief and that Dr. Larabee was responsive to her pain complaints.
6. Defendants sent Plaintiff to Rocky Mount Orthopaedic Sports Medicine, where she was examined by Dr. Greig McAvoy on October 17, 2007. Dr. McAvoy assessed Plaintiff with low back pain for which he found no objective abnormalities and no signs of nerve root irritation or neurologic deficit. He noted that a recent MRI of the lumbar spine was normal except for a small central disk protrusion at L5-S1. Dr. McAvoy released Plaintiff to return to "regular duty without restrictions."
7. On December 11, 2007, Defendants filed a Form 24 Application to Terminate or Suspend Payment of Compensation. The Form 24 Application was denied by Order of Special Deputy Commissioner Keischa Lovelace, filed February 8, 2008.
8. Plaintiff was seen again by Dr. McAvoy on May 6, 2008, at which time his assessment remained low back pain. Dr. McAvoy again reassured Plaintiff that he saw no signs of nerve root irritation. Dr. McAvoy assessed Plaintiff at maximum medical improvement and advised her that weight reduction would be helpful. Dr. McAvoy found no basis for permanent work restrictions although he noted that an initial return to modified duty might be prudent. He recommended that Plaintiff return to work as soon as possible.
9. A subsequent Form 24 was filed by Defendants. On July 10, 2008 Special Deputy Commissioner Boyer filed an Order approving Defendants' Form 24 allowing Defendants to terminate Plaintiff's receipt of indemnity compensation.
10. On November 16, 2007, Plaintiff was examined by Michael Koenig, PA-C, under the direction of Dr. Lawrence Larabee at Northeastern Orthopedics. Defendants did not authorize this visit. The physical exam showed some muscle spasm in the lumbar spine. The *Page 5 
diagnosis was lumbar strain and disk herniation. Conservative treatment options, including physical therapy were discussed and recommended.
11. At return visits to Northeastern Orthopedics on December 17, 2007 and January 15, 2008, treatment options were again discussed. Plaintiff was referred to Dr. Chafin for evaluation and possible treatment.
12. Plaintiff did not return to see Dr. Larabee at Northeastern Orthopedics until September 2008. At her visit of September 16, 2008, Plaintiff reported that she did not want surgery and did not want to return to see Dr. Chafin at the Pain Clinic.
13. At Plaintiff's visit of December 15, 2008, Dr. Larabee released Plaintiff to return to work at light duty with lifting restrictions of ten (10) pounds, breaks from sitting or standing every 30 minutes, for one month, pending assessment by a neurosurgeon. Plaintiff was also referred to Dr. Scot Reeg for surgical evaluation.
14. Per Dr. Larabee's testimony, where his practice did not see Plaintiff between January 2008 and September 2008, he can not really address her work restrictions during that time. However, per his testimony, "as far as her work status, I anticipated that she would be in some form of light duty."
15. Plaintiff has been seen on at least two occasions, February 3, 2009 and March 3, 2009, at the orthopaedic practice of Dr. Scot Reeg, on the referral from Dr. Larabee. However, Plaintiff has not actually been seen by Dr. Reeg. Her examinations were conducted by Physician Assistant William S. Payne. Dr. Reeg has relied upon these reports from PA Payne and a review of the MRI reports in rendering his opinions in the case.
16. At the visit of March 3, 2009, PA Payne reviewed the results of a recent MRI, which showed "a small central L5-S1 disk protrusion unchanged from a prior study of 10-04-07." *Page 6 
Mr. Payne recommended a physical therapy program at Roanoke Chowan Hospital, wrote Plaintiff a note to be out of work until she completed this therapy, and recommended a follow-up visit in six to eight weeks. Dr. Reeg's agrees with the treatment proposed by Mr. Payne. Dr. Reeg opined that it might not be necessary for Plaintiff to stay out of work to accommodate her physical therapy, but he could not specifically address that issue.
17. Plaintiff was examined by Dr. Donald L. Price in December 2008. However, according to the testimony of both Plaintiff and Dr. Price, this was for symptoms unrelated to Plaintiff's workers' compensation claim.
18. The medical testimony establishes that Plaintiff would likely benefit from additional physical therapy. Although the objective findings are somewhat limited, such therapy could potentially provide Plaintiff with pain relief. Such treatment has been recommended by two specialists, Dr. Larabee and Dr. Reeg.
19. Defendants retained Stephanie Yost, a vocational expert, to conduct a job search. Ms. Yost used the work restrictions imposed by Dr. Larabee as of December 15, 2008, in conducting her search. Although Ms. Yost noted that these restrictions were for a one-month duration, she "took them into account as if they were still valid." She considered Plaintiff's work history and education in her search. Ms. Yost looked for jobs within twenty (20) miles of Plaintiff's home.
20. Ms. Yost identified several jobs in the local area within Plaintiff's work restrictions. These positions offered wages comparable to Plaintiff's wages with Defendant-employer.
21. The Full Commission has carefully considered Plaintiff's testimony. Her testimony regarding her job search has been somewhat vague, without much detail. Based upon *Page 7 
her demeanor and her testimony, Plaintiff has not made a diligent effort to find suitable employment.
22. The evidence otherwise fails to establish that Plaintiff continues to be unable to earn wages in any employment. She may not be capable of returning to unrestricted work, but is at least capable of earning wages in a light duty position pursuant to the restrictions previously given by Dr. Larabee. There is competent evidence to support Special Deputy Commissioner Boyer's Order suspending ongoing total disability compensation benefits, and it should be upheld.
23. Plaintiff is commendably interested in continuing her education. At the time of the hearing before the Deputy Commissioner, she had returned to school.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission enters the following:
 CONCLUSIONS OF LAW
1. Plaintiff sustained an admittedly compensable injury by accident arising out of and in the course of her employment with Defendant-Employer on August 21, 2007. N.C. Gen. Stat. § 97-2(6).
2. As a consequence of her accident, Plaintiff sustained a back strain for which medical treatment was reasonably necessary. N.C. Gen. Stat. §§ 97-2(19), 97-25.
3. The medical treatment initially provided by Larabee Chiropractic Clinic should be approved as a reasonably necessary treatment for Plaintiff in attempt to relieve her symptoms. N.C. Gen. Stat. §§ 97-2(19), 97-25. *Page 8 
4. Where Plaintiff has continued to experience subjective pain complaints, it was reasonable for her to seek assessment from specialists Dr. Lawrence Larabee and Dr. Scot Reeg, and Defendants should be responsible for payment for the same. N.C. Gen. Stat. §§ 97-2(19), 97-25.
5. The greater weight of the medical evidence indicates that Plaintiff could benefit from further physical therapy, as recommended by Dr. Larabee and Dr. Reeg, and the same should be approved. N.C. Gen. Stat. §§ 97-2(19), 97-25.
6. The greater weight of the evidence fails to support Plaintiff's claim that she continues to be unable to earn wages in the same or any other employment. Plaintiff is at least capable of earning wages in light duty employment, but has failed to make a diligent search for suitable employment. The Special Deputy's decision to terminate payment of ongoing compensation should be upheld. N.C. Gen. Stat. § 97-29.
 ***********
Based upon the foregoing stipulations, findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Defendants shall pay for the medical treatment previously rendered by Larabee Chiropractic, Dr. Scot Reeg, and Dr. Lawrence Larabee.
2. Plaintiff's claim for additional medical treatment, the physical therapy recommended by Dr. Larabee and Dr. Reeg, is granted, and Defendants shall pay for such reasonably necessary medical treatment. *Page 9 
3. As set forth in the prior Order of Special Deputy Boyer, Plaintiff's compensation for ongoing total disability was properly terminated, and no further compensation for total disability is due.
4. Defendants shall pay the costs.
This the 17th day of June, 2010.
 S/___________________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
 S/___________________ STACI T. MEYER COMMISSIONER
 S/___________________ DANNY LEE McDONALD COMMISSIONER *Page 1